UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERT S. PHELKA,

                        Plaintiff,              06-CV-6637T

            v.                                  **DECISION
                                                and ORDER**

JO ANNE B. BARNHART, Commissioner
of Social Security

                        Defendant.
_____

<u>**INTRODUCTION**</u>

Plaintiff Robert S. Phelka ("Phelka") brings this action pursuant to Title II of the Social Security Act, § 201 et. seq. (codified at 42 U.S.C. § 401 et. seq.) claiming that the Commissioner of Social Security ("Commissioner") improperly denied his application for disability benefits.[1]  Specifically, Phelka alleges that the decision of an Administrative Law Judge ("ALJ") who heard his case was erroneous because it was not supported by the substantial evidence contained in the record.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law.  Phelka opposes the defendant's motion.

_____

[1]This case (formerly civil case 04-CV-0890-A(Sr)) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated January 4, 2007.

**BACKGROUND**

On May 14, 2001, plaintiff Robert S. Phelka, at the time a 48 year old industrial electrician, applied for Social Security disability insurance benefits ("DIB") claiming that he had become unable to work as of September 14, 1999, due to ulnar neuropathy, post-traumatic stress disorder ("PTSD"), and stress problems. Phelka's application for benefits was initially denied. Thereafter, plaintiff, represented by an attorney, requested an administrative hearing which was held on November 18, 2002 before ALJ Charles Fiorella.  A subsequent hearing was held on December 23, 2002.  By decision dated January 15, 2003, the ALJ denied plaintiff's application.  Thereafter, Phelka's appeal of the ALJ's decision to the Social Security Appeals Council was denied, and on November 5, 2004, plaintiff filed this action alleging the ALJ did not properly characterize the vocational expert's ("VE") findings and that the ALJ did not properly assess the claimant's subjective complaints of pain and limitations.

**DISCUSSION**

I.   Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by

substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monguer v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that her decision was reasonable and is supported in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," judgment on the pleadings may be appropriate. See, Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Because the court determines that the findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted for the defendant.

    II.   <u>The Commissioner's decision to deny Plaintiff benefits is supported by substantial evidence on the record.</u>

    A.   <u>Statutory Standard for Entitlement to Disability Benefits</u>

The ALJ made the determination based on the evidence before him that plaintiff did not suffer from a disability under the Social Security Act. A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d) (1991). Specifically, the ALJ found that while plaintiff suffered from ulnar neuropathy and panic disorder, those conditions did not rise to the level of an impairment under the Social Security Regulations.

In so holding, the ALJ properly performed the five-step sequential evaluation of plaintiff's condition to determine that plaintiff was not disabled. The ALJ properly determined that the plaintiff was not engaged in substantial gainful employment; that plaintiff's conditions – either individually or in combination – were severe conditions; that plaintiff's ulnar neuropathy and panic

disorder – either alone or in combination with his other impairments – did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; that plaintiff could no longer perform the functions of his previous employment; and that plaintiff retained the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy.  In doing so, the ALJ properly evaluated the medical record, and gave appropriate weight to the opinions of plaintiff's treating physicians and examining physicians.

The assessment of a treating physician is given controlling weight if is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [it] is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); see Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003); Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 188 (2d Cir. 1998).  The ALJ may not arbitrarily substitute [his] own judgment for the treating physician's competent medical opinion.  See Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999).  The "treating physician rule" does not apply, however, when the treating physician's opinion is inconsistent with the other substantial evidence in the record, such as the opinions of other medical experts.  Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004); see also Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002).

When the treating physician's opinion is not given controlling weight, the ALJ must consider various "factors" to determine how much weight to give to the opinion. 20 C.F.R. § 404.1527(d)(2). These factors include: (I) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the SSA's attention that tend to support or contradict the opinion. *Id.* The ALJ must also set forth his reasons for the weight assigned to the treating physician's opinion. *Id.*

The ALJ also must consider claimant's subjective complaints of pain and limitations in making a determination of his RFC. 20 C.F.R. § 404.1529 and SSR 96-7p. The ALJ is not permitted to find a claimant not credible solely because the severity of his subjective complaints of limitations is not supported by objective medical evidence. *Id.* The ALJ may evaluate the credibility of a claimant together with the medical findings and other evidence in determining the true extent of the disability alleged by the claimant. Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

At the last step of the sequential evaluation, the burden of proof shifts to the Commissioner to show there is other gainful employment in the national economy the claimant could perform considering the claimant's RFC, age, and past work experience. 20

C.F.R. § 404.1520(f); <u>see</u> <u>Carroll v. Secretary of H.H.S.</u>, 705 F.2d 638, 642 (2d Cir. 1983). Where there exists a combination of exertional and nonexertional limitations, an ALJ must evaluate whether the occupational base for exertional work is eroded by the nonexertional limitations. SSR 83-14; <u>see</u> <u>Bapp v. Bowen</u>, 802 F.2d 601 (2d Cir. 1986). Pursuant to the regulations, the Commissioner is ultimately responsible for determining whether an individual meets the statutory definition of disability. 20 C.F.R. §404.1527(e)(1).

Substantial evidence exists in the record which supports the ALJ's conclusion that plaintiff was not disabled during the relevant period, and therefore, the Commissioner's decision is affirmed.

B.   <u>Discussion of the Evidence</u>

The medical evidence established that plaintiff had a history of difficulty with his left upper extremity due to a fall at work. (Tr. 146-57, 167). The ALJ determined that plaintiff could perform light work and that plaintiff's RFC allowed him to use his left upper left extremity for assistance only due to nerve conduction studies, surgical and post-operative reports. (Tr. 17, 19, 146-51). The ALJ also found plaintiff limited to the performance of simple, repetitive tasks in a sustained low stress environment. (Tr. 19).

The ALJ posed a hypothetical to a VE at the hearing based on a person with the physical RFC that the ALJ ultimately found

plaintiff to retain.  (Tr. 369-72).  The VE testified that such a person could perform the jobs of ticket taker, cashier II, order clerk, and surveillance system monitor. (Tr. 369-72).  The ALJ did not use the hypothetical posed by plaintiff's counsel which incorporated numerous nonexertional limitations adopted from the State Agency review physician's, Dr. Kudler, mental RFC assessment. The ALJ did concur with Dr. Kudler's conclusion that the plaintiff could perform simple, repetitive tasks in a sustained low stress environment.  (Tr. 19).  The ALJ properly took plaintiff's exertional and nonexertional claims into consideration and found that using the Medical-Vocational Rules 202.14 and 202.21 as a framework in conjunction with the VE's testimony directed a finding of not disabled.  See Bapp v. Bowen, 802 F.2d 601 (2d Cir. 1986). Accordingly, the ALJ's conclusion that plaintiff could perform work that exists in the national economy was supported by substantial evidence.

The ALJ's assessment of plaintiff's subjective complaints of pain and limitations were properly considered and found to be not totally credible.  The ALJ found that plaintiff alleged to have stopped working due to his left arm injury but he admitted to have stopped working when the steel plant at which he was employed closed.  (Tr. 172, 342, 348).  Plaintiff testified that he smoked marijuana once a day and had a beer every morning and was arrested for marijuana use and fighting with a neighbor.  (Tr. 356-58).

Additionally, plaintiff testified that he lives on his own and is able to care for his personal needs and that he gardens, listens to music, watches television and reads.  (Tr. 171).  Plaintiff also testified that he drives and while he claims that he loses concentration and cannot use his left arm, yet no physician has placed any restrictions on his driving.  (Tr. 171, 331, 341).  The record reveals that the ALJ properly found substantial evidence that plaintiff's allegations of total disability were not entirely credible.  <u>See</u> 20 C.F.R. § 404.1529(a) and (c); SSR 96-7p.

## <u>Conclusion</u>

Because the court finds that the Commissioner's decision was made in accordance with the applicable law, and was supported by substantial evidence in the record, the court hereby grants judgment on the pleadings in favor of the defendant.  Plaintiff's motion for judgment on the pleadings is denied.

ALL OF THE ABOVE IS SO ORDERED.

<u>    s/Michael A. Telesca    </u>
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         January 30, 2007